11-5401
Chen v. Holder

BIA
Vomacka, IJ
A094 793 710

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand thirteen.

PRESENT:
        JON O. NEWMAN,
        JOSÉ A. CABRANES,
        DEBRA ANN LIVINGSTON,
            *Circuit Judges.*
_____

GUANG WU CHEN, AKA GUANWU CHEN,
        *Petitioner,*

        v.                                          11-5401
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Gary J. Yerman, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Stephen J. Flynn,
                       Assistant Director; Jeffrey R.
                       Meyer, Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Guang Wu Chen, a native and citizen of the People's Republic of China, seeks review of a December 6, 2011, decision of the BIA affirming the July 8, 2010, decision of Immigration Judge ("IJ") Alan A. Vomacka, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guang Wu Chen*, No. A094 793 710 (B.I.A. Dec. 6, 2011), *aff'g* No. A094 793 710 (Immig. Ct. N.Y. City July 8, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications, like Chen's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the

2

totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We will "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167. In this case, the agency reasonably based its adverse credibility determination on Chen's inconsistencies, implausibilities, demeanor, and lack of corroboration.

Chen testified in July 2010 that he had been attending a Christian church in New York City once or twice a week since February 2009, and had attended no other church in the United States. However, in a sworn affidavit submitted to the IJ, signed in April 2010, Chen indicated that he lived and attended church in Phoenix, Arizona. When the IJ asked Chen about this discrepancy, Chen stated that he "did not hear very clearly." Chen additionally testified that in China, he began attending church in March 2007, was baptized in August 2007, and received a baptismal certificate from

3

the church on the same day.  However, the baptismal certificate he submitted as evidence was issued in 2009 and indicates that Chen began attending church in China in May 2007.  When asked about this inconsistency, Chen failed to explain the inconsistency, stating only that the baptismal certificate he presented was the only one he had received. In finding Chen not credible, the agency pointed to these inconsistencies, and, after giving Chen an opportunity to reconcile the discrepancies, reasonably rejected his explanations.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The adverse credibility determination is further supported by the IJ's implausibility and demeanor findings. With respect to implausibility, the IJ found, and the BIA agreed, that it was implausible that an underground church in China would issue official documents, such as the baptismal certificate, on church letterhead, or that after Chen was detained and beaten for attending an underground church, he would invite a village official's son to attend the church.  Chen does not challenge these implausibility findings other than to say the IJ failed to consider his explanations.  The agency reasonably based its adverse credibility determination, in part, on these

4

implausibilities, *see Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007); *see also Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007), and Chen failed to explain why he invited the village official's son to his church and his responses to questions about his church's documentation were themselves inconsistent. As to demeanor, the IJ noted that Chen seemed "to be not entirely focused on his answers" and seemed confused as to what documents were being discussed. Because the IJ was in the best position to observe Chen's manner while testifying, we afford the demeanor finding particular deference. *See Majidi*, 430 F.3d at 81 n.1.

Finally, the agency's adverse credibility finding was additionally based on Chen's failure to provide corroborative evidence of his arrest and detention in China. The agency noted that Chen submitted a Notice of Summons from the local Chinese security bureau, but concluded that additional corroborative evidence, such as letters from Chen's relatives or church, was reasonably available and would have bolstered his claim. Because the IJ had already called Chen's credibility into question due to his inconsistencies, implausibilities, and demeanor, the agency did not err in relying on the lack of corroboration as further support for its adverse credibility determination. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007)

5

("An applicant's failure to corroborate . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

Given these multiple grounds, the totality of the circumstances support the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Accordingly, the agency did not err in denying Chen asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6